**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAMON DARES KEYS,

    Petitioner - Appellant,

v.

JAMES FAULK; CYNTHIA COFFMAN,
Attorney General of the State of Colorado,

    Respondents - Appellees.

No. 17-1144
(D.C. No. 1:16-CV-01072-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Damon Keys, a Colorado prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. We deny a COA and dismiss the appeal.

**I**

Keys was convicted in 1995 of two counts of attempted first degree murder,

two counts of first degree assault, two counts of aggravated robbery, and one count of

theft. The crimes were committed by a masked assailant at a drive-in movie theater

in Aurora, Colorado. The victims were theater employees. Keys was sentenced to

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ninety-six years' imprisonment. The Colorado Court of Appeals ("CCA") reversed his conviction and remanded for a new trial based on its conclusion that Keys was denied his right to representation by conflict-free counsel. In that appeal, Keys contended that the trial court should have suppressed evidence because an arrest warrant was signed by a court clerk. The CCA concluded that Keys had waived his right to contest the validity of the warrant on appeal because he had not advanced that argument in the trial court.

On retrial, Keys was convicted. In his subsequent appeal, the CCA again reversed and remanded, this time because the trial court erred in concluding that the law of the case precluded it from considering Keys' argument as to his arrest warrant. The CCA directed the trial court to conduct a hearing on Keys' suppression motion and to deny the motion to suppress if it determined that the warrant was not void ab initio. After an evidentiary hearing, the trial court ruled that the arrest warrant was not void ab initio. Keys appealed, and the CCA affirmed. He then unsuccessfully sought post-conviction relief in state court.

Keys filed a § 2254 petition, raising three claims: (1) evidence should have been suppressed because it was the product of an arrest made pursuant to a void arrest warrant; (2) police officers violated his Fourth Amendment rights when they engaged in a pretextual arrest to seize his shoes; and (3) ineffective assistance of counsel. The district court dismissed the second claim as procedurally barred, denied the remainder of the petition, and denied a COA.

2

**II**

A petitioner may not appeal the district court's denial of § 2254 relief absent a COA. § 2253(c)(1)(A). We will issue a COA only if a petitioner shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). As to claims dismissed on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In applying this standard, we must consider "AEDPA's deferential treatment of state court decisions." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). If a state court has rejected a claim on the merits, § 2254 relief is available only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Because Keys proceeds pro se, we construe his filings liberally but do not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

3

## A

In his first claim, Keys argues that police violated his Fourth Amendment rights by seizing his sneakers, which contained traces of the victims' blood, while executing an arrest warrant that was void ab initio. The district court concluded that relief was barred by Stone v. Powell, 428 U.S. 465 (1976), which holds that if a "[s]tate has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," id. at 494 (footnote omitted).

Keys contends that the trial court—the Arapahoe County District Court— lacked jurisdiction to consider the validity of the warrant because it was issued by the Denver District Court and concerned an offense that occurred in Denver County. The district court rejected that argument because it was wholly unsupported by case law, observing that the trial court simply ruled on a motion to suppress that was filed in a case before it. We agree that Keys has not shown the state court contravened clearly established federal law on this issue.

Additionally, Keys argues that he did not have a fair opportunity to litigate his claim because the state courts misinterpreted the facts and the law. However, the CCA recognized and made a colorable application of the correct Fourth Amendment standards, which is all that is required for a full and fair opportunity to litigate under Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978). Substantive

4

disagreement with the outcome of a state court proceeding is insufficient to warrant habeas relief.  See Matthews v. Workman, 577 F.3d 1175, 1194 (10th Cir. 2009).

**B**

In his second claim, Keys asserts that police officers violated his Fourth Amendment rights when they arrested him as a pretext for seizing his shoes.  In support of this argument, he contends that a Denver District Court clerk issued the arrest warrant on the day of his arrest, August 11, but backdated it to August 2.  The district court dismissed this claim as procedurally barred.

In ruling on his first appeal, the CCA stated Keys abandoned this argument. Keys presented a pretextual-arrest claim in his motion to suppress following the second remand, but was prevented from raising it at the hearing on that motion.  He did not advance the issue when he appealed the denial of his suppression motion to the CCA in his third appeal.  The claim was thus never fairly presented to the CCA. See Ellis v. Raemisch, 872 F.3d 1064, 1077, 1082 (10th Cir. 2017) (holding that Colorado Appellate Rule 51.1(a) "renders [Colorado Supreme Court] review 'unavailable' for purposes of AEDPA exhaustion" and therefore in Colorado a § 2254 petitioner need only fairly present his claim to the CCA), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 5, 2017) (No. 17-6323).

First, Keys asserts that in their pre-answer response, respondents argued only that he failed to raise this claim before the state courts, and thus the district court should have construed respondents' defense as limited to whether he had raised the

5

claim at all. We disagree. The scope of respondents' exhaustion argument was not limited to whether he had ever raised the claim before any state court.

Keys also argues that he did not abandon his pretextual-arrest claim in his first appeal to the CCA because, he asserts, the CCA wrote a five-page ruling on that claim. But the ruling that Keys points to concerns an alternative to his void-ab-initio argument—that it was unlawful for officers to seize his shoes for testing because the shoes bore no relationship to his failure to appear and officers failed to act in accordance with procedures. In his habeas claim, however, he alleged that the arrest itself was unlawful, a different and distinct theory. See Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015) (fair presentation requires a petitioner to raise the "substance of his federal claims," including "the constitutional guarantee at issue" and "the underlying facts that entitle a petitioner to relief" (quotation omitted)); Jones v. Hess, 681 F.2d 688, 694 (10th Cir. 1982) (concluding that a habeas claim is unexhausted "where the factual basis for [it] was not presented to the state courts").

## C

Keys advances six subclaims related to ineffective assistance of counsel: (1) the retrial court denied his requests to substitute conflict-free counsel; (2) counsel failed to investigate, independently test, and challenge forensic evidence; (3) counsel ineffectively investigated and cross-examined one of the victims; (4) counsel ineffectively investigated and cross-examined Keys' girlfriend; (5) counsel failed to

advance a reasonable-doubt defense; and (6) counsel failed to object to prosecutorial misconduct.[1] We conclude that none of these subclaims warrants a COA.

On subclaim one, the CCA reasonably concluded that any actual conflict did not have an adverse effect on Keys' counsel, as required to meet the deficient-performance prong of the familiar test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984).[2] The CCA reasonably held that Keys' second subclaim failed because there is no indication that further investigation or testing of forensic evidence would have been exculpatory.

The district court reviewed subclaims three, four, and five de novo. Although Keys did not present the factual bases for these subclaims to the state courts (and thus the state courts never ruled on the merits), respondents did not raise an affirmative exhaustion defense. Keys claimed that counsel failed to expose the fact that one of the victims knew Keys prior to the assault but did not identify him when seeking help. But the victim, whose skull was fractured during the attack, testified that he did not even remember seeking help. Keys also asserted that counsel should have discovered that Keys' girlfriend attempted to obtain a telephone confession from him while he was in jail. But counsel did cross-examine the girlfriend about inconsistent

---

[1] At the district court level, Keys advanced two additional subclaims that are forfeited on appeal.

[2] With regard to a possible presumption of prejudice for claims involving an actual conflict of interest, Keys has not made a threshold showing of clearly established federal law by the Supreme Court, which ends the inquiry under § 2254(d)(1). See House v. Hatch, 527 F.3d 1010, 1018 (10th Cir. 2008).

7

statements to the police and immunity she had been granted for her role in the crimes, and the prosecution did not present any evidence of a jailhouse confession. And Keys argues that counsel foreclosed a reasonable-doubt defense by arguing that police had arrested the wrong suspect. But as the district court noted, this statement was entirely consistent with a reasonable-doubt defense given that identification of the assailant was the only real issue at trial. Accordingly, Keys cannot show deficient performance or prejudice under Strickland on any of these subclaims.[3]

Finally, in subclaim six, Keys contends that defense counsel was ineffective for failing to object when the prosecution referred to an area mentioned during the case as Keys' "hood" and allegedly imitated "a stereotypical African-American dialect, while smirking." The CCA reasonably rejected this claim because Keys admitted that it was not fully developed in the record. See Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (review under § 2254 "is limited to the record that was before the state court that adjudicated the claim").

---

[3] To the extent Keys reasserts the factually dissimilar claims he exhausted in the state courts (that counsel inadequately impeached the victim's voice and mask identification, and that the communication difficulty between Keys and his defense counsel deprived them of information necessary to effectively examine the girlfriend), the CCA reasonably concluded that Keys had nothing but speculation regarding what might have been revealed through more effective cross-examination. And if Keys is reasserting a related claim he raised in state court (that counsel was ineffective by failing to assert a reasonable-doubt defense), the CCA reasonably rejected it because the jury was instructed that the prosecution must prove each element of each offense beyond a reasonable doubt, and defense counsel specifically argued during closing that the jury should have a reasonable doubt about the prosecution's version of events.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** this appeal. We **GRANT** Keys' motion to proceed on appeal without prepayment of costs or fees and remind him of his obligation to pay those costs and fees in full to the Clerk of the District Court for the District of Colorado. <u>See</u> 28 U.S.C. § 1915(a).

Entered for the Court

Carlos F. Lucero
Circuit Judge